BESTARD ET AL., DEMANDANTES Y APELANTES, *v.* SERRALLÉS, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre extinción y cancelación de hipoteca, y otros extremos.

No. 1810.—Resuelto en mayo 31, 1919.

CAUSA DE ACCIÓN—NULIDAD DEL PROCEDIMIENTO SUMARIO—ADJUDICACIÓN ANTE-RIOR EN COBRO DE CRÉDITO PREFERENTE.—Aduce hechos suficientes para determinar una causa de acción, una demanda en que se alega que el demandado ha cobrado un segundo crédito hipotecario en procedimiento sumario

seguido contra una finca que el demandante había adquirido por título .derivado de quien la había habido mediante adjudicación en pago de un primer crédito hipotecario, pues esas alegaciones establecen la nulidad de 'tal procedimiento sumario; no siendo necesario que la demanda contenga la alegación de que el segundo acreedor había sido hecho parte demandada en el procedimiento seguido para el cobro del primer crédito, porque precisamente por no haberlo sido es que se hace necesario entablar el pleito ordinario para la cancelación de la segunda hipoteca, pues de lo contrario ésta podría cancelarse sin necesidad de juicio.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. López de Tord.*

Abogados del apelado: *Sres. José* y *Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Dueño Pedro Nadal Sureda, por derecho de cesión, de un crédito de $5,500 constituído originariamente en escritura pública de 19 de abril de 1902 por Calixta Ruíz y Pérez, como madre con patria potestad sobre su entonces menor hijo Aurelio Quiñones Ruíz, a favor de Manuel León Parra con hipoteca sobre una finca rústica de 141 cuerdas, radicada en el barrio del Anón, término municipal de Ponce, presentó demanda ante la Corte de Distrito de Ponce en ejecución de dicha hipoteca contra el deudor, y seguido el pleito por todos sus trámites se verificó la subasta de la expresada finca sin concurrencia de postor alguno, adjudicándose al acreedor hipotecario Pedro Nadal Sureda en pago de la suma adeudada por escritura pública de 12 de mayo de 1906, que fué inscrita en el registro de la propiedad.

La finca tenía entonces un valor inferior a $5,500 y en la actualidad su valor es inferior a $3,000.

De la finca adjudicada a Pedro Nadal Sureda vinieron a ser dueños en virtud de sucesivos traspasos, José Bestard Cañellas, Carlos López de Tord y Carlos M. Boerman, en la proporción de una mitad para el primero y la otra mitad por partes iguales para los dos últimos, a virtud de escritura pública de 18 de septiembre de 1914 otorgada a favor de aquéllos por el anterior dueño Tomás Sbert y Mezquiada.

Habiendo fallecido el condueño Carlos M. Boerman suce-

diéronle como sus únicos y universales herederos testamentarios los codemandantes Mrs. Charles M. Boerman y Mrs. Esther Bessie Boerman, viuda y madre respectivamente del finado, siendo ellas en unión de José Bestard Cañellas y Carlos López de Tord los demandantes en este pleito.

Dueño por cesión Pedro Juan Serrallés de un segundo crédito hipotecario de $8,000 constituído sobre la misma finca por Calixta Ruíz Pérez, en representación de su hijo Aurelio Quiñones Ruíz, por escritura pública del mes de abril de 1902, también inscrita en el registro de la propiedad, estableció aquél en marzo de 1916 para su cobro el procedimiento sumario establecido por la Ley Hipotecaria, habiéndose adjudicado la finca en pago a Pedro Juan Serrallés, demandado en el presente caso.

En dicho procedimiento sumario no fué requerida personalmente de pago, ni en la persona de apoderado o arrendatario, ni mediante publicación de edictos, Mrs. Esther Bessie Boerman, ni en la demanda inicial del procedimiento se alegaron las razones jurídicas determinantes de la certeza, la subsistencia y la exigibilidad del crédito y de la competencia del tribunal.

Bajo los anteriores hechos que en síntesis dejamos expuestos, los demandantes, causahabientes de Pedro Nadal Sureda, formularon demanda contra Pedro Juan Serrallés, poseedor de la finca adjudicádale en pago de la segunda hipoteca, con súplica de que se dictara sentencia con los siguientes pronunciamientos: 1º. que se ha extinguido y debe cancelarse por defecto de garantía la segunda hipoteca cedida al demandado Pedro Juan Serrallés; 2º. que es nulo el procedimiento sumario ejecutivo seguido por Pedro Juan Serrallés para hacer efectivo el segundo crédito hipotecario cedídole; 3º. que se condene al demandado Serrallés a entregar a los demandantes la finca de que se trata con los frutos percibidos, y a pagar las costas, gastos y desembolsos del pleito, incluyendo honorarios de abogado.

A la anterior demanda opuso el demandado Pedro Juan Serrallés; la excepción previa de no exponer hechos suficientes para constituir una buena causa de acción, cuya excepción fué declarada con lugar por resolución de 22 de diciembre de 1917; y habiendo solicitado los demandantes el pronunciamiento de sentencia fué ésta dictada en 30 de enero de 1918 desestimando la demanda por no aducir hechos bastantes para constituir una buena causa de acción, sin especial condenación de costas.

Contra esa sentencia interpusieron los demandantes recurso de apelación para ante esta Corte Suprema.

La única cuestión a discutir y resolver en el presente recurso es la de si la demanda aduce hechos suficientes para determinar una causa de acción, que es la excepción 6ª. de las comprendidas en el artículo 105 del Código de Enjuiciamiento Civil.

Atendidas las alegaciones de la demanda que debemos aceptar como ciertas para los efectos de la excepción previa sometida a nuestro examen, el demandado Pedro Juan Serrallés cobró un segundo crédito hipotecario en procedimiento sumarísimo seguido contra la finca que los demandantes habían adquirido por título derivado de quien la hubo mediante adjudicación, en pago de un primer crédito hipotecario.

El artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, después de enumerar taxativamente las causas que pueden dar lugar a la suspensión del procedimiento sumario, cuales son la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda, la interposición de una demanda de tercería de dominio con título inscrito a favor del tercerista en fecha anterior a la inscripción del crédito del ejecutante, y certificación del registrador de estar cancelada la hipoteca en virtud de la cual se procede o copia auténtica de la escritura pública de cancelación de la hipoteca, consigna en su noveno apartado el siguiente precepto:

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo."

Los demandantes en el presente caso eran terceros poseedores de la finca que en procedimiento sumario seguido para el cobro de una segunda hipoteca, fué subastada y adjudicada al hoy demandado Pedro Juan Serrallés y en virtud del precepto legal transcrito les estaba reservado el derecho a formular reclamación en juicio declarativo para obtener la nulidad de dicho procedimiento sumario por cualquier motivo que lo invalidara.

Las alegaciones de la demanda muestran esa nulidad.

Pedro Juan Serrallés como segundo acreedor hipotecario no podía en concepto alguno cobrar la totalidad de su crédito, postergando y dejando insoluto el crédito preferente de Pedro Nadal Sureda.

El artículo 1828 del Código Civil dice así:

"Los créditos que gozan de preferencia con relación a determinados bienes o derechos reales, excluyen a todos los demás por su importe hasta donde alcance el valor del inmueble o derecho real a que la preferencia se refiera."

El Tribunal Supremo de España en sentencia de 11 de octubre de 1899, 88 Jur. Civ. 65–71, decidiendo un caso en que se discutía si por virtud de la demanda entablada, sin otra reclamación ni formalidad previa, podía obtener un acreedor con tercera hipoteca que se le abonara íntegramente su crédito por los poseedores actuales de la finca hipotecada como causahabientes de un acreedor a cuyo favor fué enajenada por el deudor, no judicial sino extrajudicialmente, para el pago de créditos que tenía asegurados con primera y segunda hipoteca, estableció la siguiente doctrina:

"Que si bien es cierto que la hipoteca sujeta directa e inmediatamente los bienes sobre que se impone, cualquiera que sea su posee-

dor, al cumplimiento de la obligación que garantiza, no lo es menos
que cuando se trata de varios gravámenes hipotecarios constituídos
en una finca la prelación o preferencia de los mismos se determina;
según terminantes disposiciones legales, por el orden de antigüedad
de las respectivas inscripciones en el registro; y que con arreglo a
este precepto de necesaria aplicación siempre que exista concurrencia
de créditos de la expresada clase, el derecho del demandante, hoy
recurrente, está limitado a poder reclamar y percibir por medio del
procedimiento correspondiente lo que del valor real y positivo del
inmueble, no de lo que prudencial o arbitrariamente se le asignara,
sobrare después de pagados los créditos hipotecarios inscritos con
anterioridad al suyo.''

La anterior doctrina concuerda con el precepto del artículo
1828 de nuestro Código Civil, que es el 1927 del español, y
ha sido reproducida por esta Corte Suprema en el caso de
*Henna et al.*, v. *Saurí*, 22 D. P. R. 852. Y con mayor razón
es aplicable al presente caso, en que la adjudicación se hizo
en procedimiento judicial y no por convenio del deudor y
del primer acreedor hipotecario consignado en escritura pú-
blica, como en el caso resuelto por el tribunal español.

El procedimiento sumario hipotecario seguido por Pedro
Juan Serrallés no era el adecuado para reclamar y perci-
bir lo que del valor real y positivo del inmueble sobráse
después de pagado el primer crédito hipotecario.

Ciertamente que el crédito preferente de Pedro Nadal
Sureda quedó extinguido por la adjudicación de la finca, en
virtud de la cual se hizo dueño de la misma; pero esa extin-
ción no origina la conclusión de que la finca adjudicada que-
dara sujeta al pago total del segundo crédito hipotecario con
postergación absoluta de los derechos del primer acreedor
hipotecario y conculcación manifiesta de los preceptos del
Código Civil y de la Ley Hipotecaria que le reconocen la
preferencia de pago. Si así fuera, resultaría, como dice la
parte recurrente, que el segundo acreedor hipotecario por
arte de magia cobraría íntegro su crédito mientras que el
primer acreedor hipotecario habría perdido todo su derecho

y su crédito por entero.   Y a nadie le es dable enriquecerse
a costa de otro.

Aun más, Pedro Juan Serrallés sabía, pues así aparecía
del registro, que la finca que le fué adjudicada en pago de
un segundo crédito hipotecario había sido adjudicada ante-
riormente a Pedro Nadal Sureda en pago de una acreencia
preferente, y, por tanto, al obtener la adjudicación en los
términos en que la obtuvo, sin reconocer derecho alguno al
primer acreedor hipotecario, y dejando insoluto su crédito,
obró con infracción consciente de la prelación que la ley re-
conoce al primer acreedor hipotecario sobre los posteriores.

Y no era necesario alegar en la demanda, como pretende
la parte apelada, que el segundo acreedor hipotecario fuera
hecho parte demandada en el procedimiento en que fué ad-
judicada la finca a Pedro Nadal Sureda, primer acreedor hi-
potecario, pues precisamente por no habérsele dado inter-
vención alguna en dicho procedimiento es que ha sido promo-
vido el pleito ordinario para obtener sentencia en que se or-
dene la cancelación de la segunda hipoteca.   De haber habido
aquella intervención la segunda hipoteca podría cancelarse
sin necesidad de juicio, de conformidad con el artículo 82 de
la Ley Hipotecaria.   *Peña* v. *Annoni*, 7 D. P. R. 200.

Según el artículo 79 de la Ley Hipotecaria, podrá pedirse
y deberá ordenarse la cancelación total de las inscripciones
y anotaciones preventivas, entre otros casos cuando se ex-
tinga por completo el derecho inscrito, y según el artículo
132 del Reglamento para la ejecución de dicha ley, se con-
siderará extinguido el derecho real inscrito, entre otros casos,
cuando vendida judicialmente la finca y pagado el primer
acreedor hipotecario no quedare residuo para aplicar a los
demás créditos posteriormente inscritos, conforme a lo dis-
puesto en el artículo 125 de la ley.

Ese artículo 125 dice:

"* * * En los casos de que sobre una o varias fincas gravi-
ten créditos hipotecarios de varios acreedores y lleguen a venderse

o adjudicarse para el pago al primer acreedor, en términos de que el valor de lo vendido o adjudicado o no iguale o no supere al crédito hipotecario que se realice, los créditos restantes se entenderán de hecho y de derecho cancelados, y se cancelarán en el registro, previa presentación del oportuno mandamiento judicial en que conste la venta o la adjudicación y sus causas, con expresión del acto que constituya la solvencia del crédito preferido, todas las inscripciones posteriores de censos e hipotecas y las anotaciones de embargo hechas también con posterioridad, dejando libres de todo gravamen por estos conceptos la finca o fincas enajenadas o adjudicadas.''

Los preceptos legales citados confirman lo que hemos dicho acerca de ser innecesaria la alegación a que se refiere la parte apelada.

A los efectos perseguidos en la demanda bastaba la alegación hecha por la parte demandante de que al venderse la finca para el pago de la primera hipoteca tenía un valor inferior a $5,500 y en la actualidad su valor es inferior a $3,000. Nuestra decisión en el caso de *Montes de Oca* v. *Báez et al.,* 23 D. P. R. 707, no favorece la contención de la parte apelada y por el contrario revela la necesidad de un juicio declarativo cuando se trata de la cancelación de una hipoteca posterior, en el caso de que el acreedor hipotecario no hubiese sido notificado del procedimiento para el cobro de una primera hipoteca.

El recurso se sostiene por las razones expuestas, y se hace innecesario traer a examen otras cuestiones legales envueltas en el mismo.

Es de revocarse la sentencia apelada, devolviéndose el caso al juez para ulteriores procedimientos no inconsistentes con los principios que dejamos establecidos.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison firmaron conformes con la sentencia.