Suc. Orcasitas et al., Demandantes *v.* A. M. Somoza & Co., Demandada, y Orcasitas, Interventora y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre entrega de cantidad.

No. 1850.—Resuelto en junio 3, 1919.

Alegaciones—Intervención—Interés del Interventor—Su Definición.—El interés "directo" e "inmediato," que, según la jurisprudencia, deberá tener un interventor en el asunto principal, como regla general, "debe ser de tal naturaleza, que de no haberse incoado la acción original, y de haberla incoado el interventor desde el principio como único demandante, hubiera éste podido obtener sentencia en su favor cuando menos en parte del remedio perseguido; o de haberse entablado el pleito desde el principio en su contra como demandado, hubiera podido derrotar, cuando menos en parte, las pretenciones del demandante."

Id.—Id.—Interventor como Verdadero Demandado.—Cuando como en el presente caso los hechos alegados, y que deberán tenerse como ciertos para los fines de determinar el interés de un interventor en un pleito, no sólo hubieran constituído una buena defensa de haberse incoado el pleito desde el principio en contra de la interventora solamente, sino que concluyentemente demuestran que, dadas las circunstancias alegadas, la interventora es en realidad de verdad la única y verdadera demandada, es de estimarse que quien solicita permiso para presentar y radica su demanda de intervención tiene el interés "directo" e "inmediato" a que se refiere la jurisprudencia.

Los hechos están expresados en la opinión.

Abogado de la interventora: *Sr. Francisco Soto Gras.*

Abogado del apelado: *Sr. Eduardo López Tizol.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La corte inferior desestimó una demanda de intervención, por lo que la interventora interpuso recurso de apelación.

En la demanda, tal como quedó enmendada, se alegó que José Orcasitas, en su testamento abierto otorgado en marzo 2 de 1896, reconoció adeudar a su hermano José Ramón Orcasitas la suma de 1,500 pesos, disponiendo que esa cantidad fuera pagada de sus bienes, si antes de su fallecimiento no hubiera sido solventada por el testador; que habiendo fallecido José Orcasitas en el 1898 sin haber satisfecho los expresados 1,500 pesos, Josefa Orcasitas, como única y uni-

versal heredera testamentaria, depositó la expresada suma
de 1,500 pesos provinciales (equivalentes a $900 moneda ame-
ricana) en la mercantil ''Sucesores de Orcasitas y Compa-
ñía'' a la disposición de José Ramón Orcasitas, quien aceptó
la expresada cantidad habiendo convenido con la mercantil
''Sucesores de Orcasitas y Compañía'' en que la misma con-
tinuaría en dicho establecimiento mercantil a disposición de
José Ramón Orcasitas y devengando intereses a razón del
6 por ciento anual, los que serían capitalizados anualmente
y se acumularían en el balance anual de la expresada so-
ciedad mercantil; que la expresada sociedad fué disuelta en
enero de 1910 habiéndose nombrado sucesora, liquidadora
y continuadora de la misma a la mercantil A. M. Somoza y
Cía.; que José Ramón Orcasitas falleció bajo testamento en
el que instituyó por sus únicos y universales herederos a sus
legítimos hijos aquí demandantes; que los demandantes gi-
raron contra A. M. Somoza y Cía. en su carácter de liqui-
dadora y sucesora de Orcasitas y Cía. a cuenta de la refe-
rida cantidad, habiéndose negado dicha mercantil a aceptar
el giro, manifestando, no obstante, estar dispuesta a pagar
la totalidad, mediante la correspondiente carta de pago; y
que los demandantes han requerido repetidas veces a la de-
mandada para que satisfaga la cantidad reclamada y sus in-
tereses en la forma convenida y reciba la correspondiente
carta de pago y saldo total de la obligación.

Después de desestimar una excepción previa, presentó la
mercantil A. M. Somoza su contestación admitiendo ciertos
hechos en una forma más o menos modificada, pero negando
que los 1,500 pesos no fueron pagados ni debidos por José
Orcasitas al tiempo de su fallecimiento, ni que Josefa Or-
casitas hubiese depositado según lo alega la parte deman-
dante; ni que José Ramón Orcasitas aceptara dicho depósito,
ni que celebrara convenio alguno con los demandados sobre
ese particular, ni que los demandados reconocieran jamás
deuda alguna en favor de los demandantes, ni que los de-

mandantes hubiesen jamás requerido a los demandados para el pago de dicha suma o de sus correspondientes intereses. Como suplemento y explicación de estas admisiones y negaciones, los demandados afirman que Josefa Orcasitas dió instrucciones a los demandados para que de los fondos disponibles que estaban en poder de éstos y que pertenecían a la sucesión,—esto es, a Josefa Orcasitas,—se hiciera una transferencia y consignación de la suma de 1,500 pesos provinciales, cargando dicha consignación a la cuenta de dichos fondos con el fin de cubrir la cantidad que José Orcasitas en su testamento manifestó hallarse adeudando a su hermano José Ramón Orcasitas; que la transferencia así ordenada se asentó en los libros de los demandados; que José Ramón Orcasitas nunca aceptó ni reclamó dicha consignación, ni celebró convenio de ninguna clase relacionado con la misma, ni con los demandados o sus antecesores; que el interés del 6 por ciento se abonaba al expresado capital, pero debido, no como alega la parte demandante, sino por indicación de uno de los socios de la firma hecha algunos años después de haberse hecho la consignación, porque, no habiendo José Ramón Orcasitas, a quien constaba perfectamente que la deuda estaba pagada, reclamado ni aceptado el principal, la consignación permaneció en poder de la parte demandada, como una operación privada entre ella y la Sucesión de José Orcasitas y hasta tanto fuera entregada era justo que devengara interés en contra de la demandada; que no todos los demandados estuvieron representados en el supuesto giro y que la carta de pago fué exigida como demostración del derecho a cobrar de las personas que la otorgaran, pero sin constituir admisión del pretendido derecho al cobro.

Como materia nueva los demandados alegan que no habiendo nunca reclamado ni don José Ramón Orcasitas ni su sucesión, la mencionada transferencia o su consignación, allá por el mes de abril de 1914, doña Josefa Orcasitas ordenó a la demandada la devolución de dicha cantidad y sus in-

tereses devengados, y la anulación consiguiente de la transferencia o consignación efectuada en febrero de 1901, reintegrándose en su virtud a dicha doña Josefa Orcasitas de la expresada cantidad, que desde entonces está en su poder.

La demanda de intervención sigue sustancialmente las admisiones, negativas y alegaciones afirmativas de la contestación, describiendo con un poco de más exactitud la naturaleza de la transferencia que hizo la interventora se efectuara en la cuenta corriente que llevaba con los demandados, señalando así de una manera más directa que se trataba de una mera cuestión de teneduría de libros más bien que de una ''consignación a la orden de José Ramón Orcasitas.''

Luego alega como materia nueva lo siguiente:

Que Casiano Orcasitas y Ortiz falleció en San Juan en el 1878 sin dejar herederos forzosos y bajo testamento en que instituye por sus únicos y universales herederos a sus hermanos José, Pedro y José Ramón, y a su hermana Teresa Orcasitas, y dejó y legó al primero la mitad de sus bienes y a los tres restantes la otra mitad, todos sujetos a las cláusulas 5, 6 y 7 de dicho testamento (las cuales se insertan); que en 1881 José Orcasitas, como albacea y contador-partidor de la herencia, liquidó la mercantil Orcasitas y Cía. y distribuyó el caudal hereditario, adjudicándose en la escritura de partición a José Ramón Orcasitas la suma de 3,925 pesos, 45 centavos, que correspondía a la tercera parte de la mitad del caudal hereditario; que en agosto de 1879 José Ramón Orcasitas recibió del albacea José Orcasitas la suma de 38,000 reales, o sea, 1,900 pesos españoles, de lo que pudiera corresponderle en la testamentaría, después del resultado de la liquidación que se estaba practicando; que en julio de 1883, José Orcasitas entregó a José Ramón Orcasitas por cuenta de la herencia expresada la suma de 524 pesos 45 centavos, resultando, por tanto, un total de 2,424 pesos 45 centavos, que recibió hasta esa fecha José Ramón Orcasitas de José del propio apellido a cuenta de la herencia de 3,924

pesos 45 centavos procedente de la herencia de su hermano Casiano, quedando, por tanto, un balance a su favor de 1,500 pesos ($900 oro americano); que en 1895 José Orcasitas otorgó testamento en el que reconoció adeudar a José Ramón Orcasitas la suma de 1,500 pesos (esto es, el balance antes mencionado procedente de la herencia expresáda) y ordenó que dicha cantidad fuera pagada por sus herederos, si antes no lo hubiere hecho el testador; que José Orcasitas dentro de los dos años y nueve meses que transcurrieron desde la fecha de otorgado el testamento hasta su fallecimiento, que ocurrió en diciembre de 1898, pagó a José Ramón Orcasitas en distintos plazos la suma de 1,358 pesos 44 centavos, quedando por satisfacer al tiempo del fallecimiento de José Orcasitas por cuenta de la expresada herencia un balance por la suma de 141 pesos, 51 centavos; que con posterioridad al fallecimiento de José Orcasitas, o sea, en febrero de 1901, la interventora, en cumplimiento de lo mandado por él en el testamento, hizo la transferencia o consignación de 1,500 pesos ($900 oro americano) objeto de este litigio, en previsión de que tal deuda no hubiese sido satisfecha por el testador antes de fallecer, pero que con posterioridad a la consignación expresada vino a su conocimiento de un examen detenido de la documentación del finado que por virtud de los pagos relacionados anteriormente su causante sólo adeudaba por el concepto mencionado en su testamento la suma de 141 pesos 56 centavos, por lo que, ordenó a Somoza y Compañía, sucesora de Sucesores de Orcasitas & Cía. la anulación de la transferencia o consignación de los 1,500 pesos ($900 oro americano) repetida, que fueron entregados a la interventora; que en octubre de 1914, los aquí demandantes, Sucesión de José Ramón Orcasitas, entablaron una demanda en contra de la interventora como constituyente de la sucesión de su padre José Orcasitas atacando de nulidad la partición efectuada por su causante de la herencia relicta por Casiano Orcasitas de conformidad con las cláusulas del tes-

tamento antes mencionadas, demanda que fué declarada sin
lugar por sentencia de la Corte de Distrito de San Juan, Sec-
ción Primera, la que es firme en la actualidad; que la Su-
cesión de José Orcasitas, compuesta por la aquí interven-
tora, contestó y se opuso a la demanda últimamente expre-
sada y formuló una contra-demanda contra los allí deman-
dantes, la propia Sucesión de José Ramón Orcasitas que
ahora también es demandante, y en dicha contra-demanda
alegó los pagos efectuados por su causante a José Ramón Or-
casitas por cuenta de la herencia de Casiano Orcasitas, as-
cendentes a 3,782 pesos 89 centavos (o sea, la propia canti-
dad que ha sido alegada anteriormente haberse pagado por
José Orcasitas a su hermano José Ramón Orcasitas) y su-
plicó por virtud de dicha contra-demanda que los deman-
dantes, que lo fueron en igual concepto en aquella acción, fue-
ran condenados a restituir a la aquí interventora las canti-
dades así pagadas por su causante, toda vez que ellos ha-
bían sido satisfechos en pago del haber hereditario de José
Ramón Orcasitas en la herencia de don Casiano, conforme a
la partición efectuada por José Orcasitas de acuerdo con el
testamento, según el cual perdería la herencia el don José Ra-
món Orcasitas si impugnaba o no se conformaba con la par-
tición que efectuara José Orcasitas, como en efecto la impug-
naron los herederos de José Ramón Orcasitas, aquí deman-
dantes, en el pleito antes mencionado; que la sucesión de José
Ramón Orcasitas, ahora demandante, contestó la contra-de-
manda mencionada pero dejó de proponer la reconvención a
su favor para el cobro de los 900 dollars (1,500 pesos) men-
cionados como debidos en el testamento de José Orcasitas y
consignados por la interventora en la mercantil "Sucesores
de Orcasitas & Cía."; en la forma anteriormente expuesta,
no obstante derivarse dicha reconvención de la transacción
aducida en la contra-demanda, se relacionaba con el objeto
de la misma, se derivaba de un contrato existente al tiempo
de establecerse la contra-demanda, era a favor de los contra-

demandados y en contra de la contra-demandante y podía dictarse respecto de ello en el juicio, sentencia separada sobre dicha reconvención; que José Ramón Orcasitas y su sucesión, por razón de haber impugnado la partición efectuada por José Orcasitas, han perdido los derechos hereditarios otorgádosles por el testamento de Casiano Orcasitas, según sus expresas disposiciones, y que la deuda de los 900 dollars (1,500 pesos) que se reclama tiene como único origen y procedencia los derecho a la herencia del expresado don Casiano Orcasitas.

La interventora alega además la prescripción a tenor de lo dispuesto en el artículo 1865 del Código Civil, así como el haber dejado de proponer a su debido tiempo una reconvención por la que, con arreglo al artículo 112 del Código de Enjuiciamiento Civil, no podrá un demandado o sus cesionarios entablar posteriormente una causa de acción.

"Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permite ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funda, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

Art. 72 del Código de Enjuiciamiento Civil.

Se ha dicho que—

"* * * el interés del interventor debe ser de tal naturaleza, que de no haberse incoado la acción original, y de haberla incoado el interventor desde el principio como único demandante, hubiera éste podido obtener sentencia en su favor cuando menos en parte del remedio perseguido; o de haberse entablado el pleito desde el

principio en su contra como demandado, hubiera podido derrotar cuando menos en parte las pretensiones del demandante. Su interés puede ser de derecho o de equidad. Si fuere de equidad, debe ser de tal naturaleza, que constituyese base para su reclamación o de defensa, según el caso, en un pleito independiente en que se le hubiese nombrado como parte original.'' Pomeroy, Code Remedies, (4ª. ed.), p. 427, § 324.

Es posible que la definición que se deja transcrita sea en parte algo amplia, pero como regla general, sujeta quizás como la mayor parte de este género de reglas, a posibles excepciones, bastará para caracterizar o distinguir el interés ''directo'' e ''inmediato'' de que hablan los casos ya decididos. No necesitamos por ahora entrar a discutir respecto de si las peculiares circunstancias de alguno que otro caso imaginable en lo futuro habrá o no de exigir un análisis más escrupuloso de los términos empleados por el Profesor Pomeroy al expresar sus ideas.

En el caso de autos los hechos propuestos por la interventora en su demanda, que para los fines de esta opinión han de ser tenidos por ciertos, no sólo hubieran constituído una buena defensa de haberse incoado desde el principio la acción en contra suya, sino que concluyentemente demuestran que, como única representante superviviente de su finado padre, deudor primitivo, y como la persona en cuya posesión se hallan en efecto los propios fondos de los cuales se pretendía obtener la suma reclamada, la interventora es en realidad de verdad la única y verdadera demandada. En este respecto el presente caso es análogo al de *González, Calderón & Cía.* v. *Córdova Dávila*, 25 D. P. R. 674.

Es de revocarse la sentencia recurrida.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.