MENGELL, RECURRENTE, *v.* EL REGISTRADOR DE MAYAGÜEZ, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Mayagüez negándose a cancelar cierta carga que pesaba sobre una finca.

No. 543.—Resuelto en enero 9, 1923.

INSCRIPCIÓN DE TÍTULO—ADJUDICACIÓN PARA PAGO DE DEUDAS—REMATE POR CONTRIBUCIONES—ACREEDORES—AVISO.—Una finca dejada a su fallecimiento por un hombre casado fué adjudicada a su viuda para cubrir su participación en la herencia y para el pago de las deudas que ella asumía. Más tarde la finca fué rematada para el cobro de contribuciones, pero el Tesorero no hizo a los acreedores la notificación exigida por el artículo 315 del Código Político. El adjudicatario en el remate gestionó la cancelación en el registro de la carga que sobre la finca pesaba por razón de las deudas del difunto. *Se resolvió:* que la omisión de notificar a los acreedores dejó intactas las cargas a pesar del remate por contribuciones.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. J. Sabater.*
El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Antonio Mengell tiene inscrito a su nombre el título a cierta propiedad. El título se obtuvo por varios traspasos a virtud de venta en subasta pública por falta de pago de las contribuciones. La propiedad perteneció una vez a Julio Audinot, desde entonces fallecido, y fué vendida por falta de pago de las contribuciones después de su muerte. Antes de la venta y durante los procedimientos de testamentaría la propiedad en controversia fué adjudicada a Josefa Monagas, viuda de Audinot, siendo la adjudicación para cubrir su porción en los bienes relictos y pago de las deudas de las cuales se hizo cargo. Parece estar admitido el hecho de que según el artículo 23 de la Ley Hipotecaria u otro precepto legal las deudas de una persona fallecida se cargan a los bienes que así se adjudican. El recurrente trató de cancelar esta carga presentando una petición al Registrador de Mayagüez exponiendo los hechos. El registrador denegó la cancelación porque, según expresó, no se había cumplido con el artículo 315 del Código Político al hacerse la venta por falta de pago de las contribuciones. La parte pertinente de este artículo es como sigue:

"En todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones, el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos."

En el caso de *Salgado* v. *El Registrador de San Juan,* 26 D. P. R. 172, sostuvimos la actuación del registrador al denegar la inscripción de un título adquirido en una venta para pago de contribuciones en la cual no se había cumplido con el artículo 315, *supra,* y está conforme el recurrente con los principios de ese caso. Sostiene, sin embargo, que el título

que adquirió pertenecía a la viuda a quien había sido adjudicado en pago de su participación en los bienes y para satisfacer las deudas del caudal de las que se hizo cargo; que al asumir ella esta obligación, la subsiguiente contribuyente morosa, dejó libres en efecto o en realidad los bienes del caudal de la carga alegada y que por tanto se subrogó en lugar de los acreedores de los bienes; que al ser vendida la propiedad para pago de contribuciones en la suma de $1,000, el remanente de esta cantidad después de deducidas las contribuciones fué pagado a ella quien aceptó el pago, ratificando así o subsanando cualquier falta de notificación según prescribe el artículo 315 *supra*. Y alegó además, que la venta para pago de las contribuciones extinguió la carga.

El artículo 23 de la Ley Hipotecaria al asumir que una persona se obliga a pagar las deudas en consideración a una adjudicación de propiedad deja libre de responsabilidad los demás bienes y aparentemente a los herederos a la vez. Esto robustece la necesidad de que los bienes en particular que se traspasan deben quedar sujetos a la carga de las deudas. No vemos, por tanto, como ésta admitida carga por la reclamación de acreedores podía quedar extinguida por ningún acto de la persona obligada a pagar la deuda, o por una venta en subasta pública. El único medio en tal caso por parte de los deudores para librarse de la carga sería pagando las deudas. Los acreedores tienen derechos.

Se admite que todo lo que vendió el Tesorero fué la participación que la viuda tenía en los bienes por virtud de la adjudicación. Tuviera o no derecho el Tesorero a vender no podía extinguir esta carga sin notificar a los poseedores de deudas como prescribe el artículo 315. Si eran desconocidos dichos dueños o pudo habérseles citado por edictos o no había medio de cancelar dicha carga. Existe todavía la duda de si la propiedad podía legítimamente ser vendida como se indica en el caso de *Salgado* v. *El Registrador de San Juan, supra.*

El hecho subsiste de que la finca fué vendida para pago de contribuciones y que fué inscrita, pero nos sentimos obligados a declarar que la omisión en notificar a los tenedores de cargas dejó intacta la carga apesar de la venta por contribuciones.

No hay cuestión alguna de tercero pues todos estos hechos constaban del registro y una persona que compra en subasta pública adquiere con sujeción a las leyes en vigor.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.