Alonso Riera & Cía., Inc., demandante y apelante, *v.* Toribio Abruña González, demandado; y Roses & Cía., Sucrs., interventores y apelados.

No. 4610.—*Sometido:* Enero 22, 1930. *Resuelto:* Julio 30, 1930.

474

*López de Tord & Zayas Pizarro,* abogados de la apelante; *Félix Santoni,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En el registro de la propiedad se presentó para su anotación en agosto 19, 1927, un embargo, y fué anotado en septiembre 13. Una hipoteca que pesaba sobre los bienes embargados, otorgada en 22 de agosto, fué presentada para su inscripción en 27 del mismo mes e inscrita el 17 de septiembre.

En noviembre 30 la finca en cuestión fué vendida en ejecución para satisfacer una sentencia en cobro de dinero, obtenida por los acreedores que trabaron el embargo, o sea Alonso Riera & Cía., contra el deudor embargado.

En diciembre 20 Alonso Riera & Cía., quienes también fueron los compradores en la venta en pública subasta efectuada por el márshal, solicitaron de la corte dictara una or

den dirigida al registrador de la propiedad para que cancelara el asiento relativo a la hipoteca. Esta moción fué declarada sin lugar por el motivo de que los acreedores hipotecarios, Roses & Cía., Sucrs., no habían sido notificados de la venta efectuada por el márshal y porque no habían tenido su día en corte.

Posteriormente en moción de reconsideración la corte de distrito dejó sin efecto la orden últimamente mencionada y dictó una orden para mostrar causa por la cual no debía cancelarse la inscripción en el registro.

El día señalado para la vista, Roses & Cía., Sucrs., comparecieron y solicitaron la suspensión. La moción fué declarada con lugar, y se fijó otro día. Roses & Cía., Sucrs., no comparecieron en la segunda vista. La demandante ofreció someter la cuestión por alegato. La corte ordenó que copia del alegato fuese notificada a Roses & Cía., Sucrs., y concedió a éstos cinco días para contestar. Ambos alegatos fueron radicados.

Posteriormente, la corte ratificó y confirmó su resolución original.

Roses & Cía., Sucrs., no levantaron cuestión alguna en la corte inferior respecto a lo adecuado del procedimiento mediante moción en vez de por medio de una acción independiente, y tal cuestión no ha sido tampoco suscitada por ellos como apelados.

La teoría del juez de distrito fué que debió haberse notificado de la venta en ejecución a Roses & Cía., Sucrs., y que en ausencia de tal notificación los bienes embargados debían considerarse como vendidos sujetos al gravamen hipotecario. Esa es también la teoría de la apelada. No podemos concurrir en este punto de vista.

Cuando Roses & Cía., Sucrs., aceptaron del deudor una hipoteca sobre la finca embargada, ella tenía conocimiento implícito del embargo y de que estaba pendiente una acción en que el deudor hipotecario era demandado. Es de presumirse que tuvieron conocimiento ulterior de estos hechos

cuando el registrador devolvió la escritura de hipoteca con su nota al pie de la misma, después de haberla inscrito. El título del comprador en la venta en pública subasta se retrotraía a la fecha del embargo. Este tenía prioridad sobre la hipoteca. Si el embargo era válido y si los procedimientos posteriores fueron regulares, el comprador en la venta en pública subasta recibió su título a los bienes embargados libre de todo gravamen. La parte apelada no pone en tela de juicio la validez del embargo ni tampoco, salvo según se indica anteriormente, alega ningún defecto o irregularidad en los procedimientos posteriores. No existe disposición estatutoria ni hay principio alguno de derecho que exija que se dé aviso de una venta en ejecución de sentencia a una persona poseedora de un gravamen ulterior en un caso de esta naturaleza.

Los casos en que se fundaron la corte inferior y los apelados no son aplicables. Son: *Montes de Oca* v. *Báez et al.,* 23 D.P.R. 707; *Orcasitas et al.* v. *A. Somoza & Co.,* 27 D.P.R. 501; *González Calderón & Co.* v. *Córdova Dávila,* 25 D.P.R. 674; *Alayón* v. *Registrador,* 1 D.P.R. 238; *Mengell* v. *Registrador,* 31 D.P.R. 336; *Bestard et al.* v. *Serrallés,* 27 D.P.R. 493, 500.

La apelada también indica que la apelación debe ser desestimada bajo la autoridad del caso *Del Rosario* v. *Allende,* 35 D.P.R. 481, y casos allí citados. En el presente, la resolución apelada no es una en que declara sin lugar una moción de reconsideración. La moción de reconsideración no fué declarada sin lugar, sino con lugar. La resolución original en que la corte se negaba a ordenar la cancelación del asiento en el registro de la propiedad fué dejada sin efecto y se libró una orden para mostrar causa. Después de una vista sobre la moción para mostrar causa la resolución original previamente dejada sin efecto fué dictada de nuevo. La resolución así dictada era, bien una sentencia final, o "una providencia especial dictada después de una sentencia definitiva", dentro del significado del tercer inciso del ar-

tículo 295 del Código de Enjuiciamiento Civil y era, por tanto, apelable.

*La resolución apelada debe ser revocada y ordenarse ia cancelación.*

El Juez Asociado Señor Texidor no intervino.