Asociación de Padres Capuchinos de Pennsylvania en Puerto Rico, Inc., peticionaria, *v.* La Corte de Distrito de San Juan, Hon. Ángel R. de Jesús, Juez, demandada.

No. 762. *Sometido:* Abril 20, 1931.—*Resuelto:* Mayo 7, 1931.

*J. J. Ortiz Alibrán,* abogado de la peticionaria; *R. Rivera Zayas,* abogado del interventor.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

· La Asociación de Padres Capuchinos de Pennsylvania en Puerto Rico, Inc., pidió a esta Corte Suprema que ordenara la expedición de un auto de *certiorari* reclamando los procedimientos en el pleito número 13505 seguido en la Corte de Distrito de San Juan por Manuel Tous Soto contra la Franciscan Educational Conference en cobro de $7,125 con intereses legales desde la fecha de la notificación de la demanda y costas en caso de oposición, y con vista de ellos anulara la resolución de la dicha corte de febrero 28 último, por virtud de la cual dejó sin efecto una orden previa que había dictado concediéndole permiso para intervenir en el pleito.

El auto fué expedido y los procedimientos se encuentran ante nosotros. Las partes han presentado amplios alegatos en apoyo de sus respectivas posiciones.

A nuestro juicio debe permitirse la intervención solicitada. Aparece claramente que por escritura pública la Franciscan Educational Conference, demandada en el pleito número 13505, traspasó todos sus bienes a la peticionaria Asociación de Padres Capuchinos de Pennsylvania en Puerto Rico, comprometiéndose ésta a pagar las deudas de aquélla. Entre esas deudas figura una a favor de la Pía Unión de San Antonio por la cantidad de $7,125, que la peticionaria se comprometió a devolver sin intereses y sin término prefijado para la devolución. El traspaso se hizo con anterioridad a

la interposición de la demanda en el pleito número 13505. Así las cosas, Manuel Tous Soto, alegando que la Unión Pía de San Antonio de Padua le había cedido el crédito que tenía contra la Franciscan Educational Conference, inició el repetido pleito contra ella.

No sólo alegó la peticionaria en su moción de intervención y en la demanda acompañada a la misma, presentadas rápidamente al enterarse de la existencia del pleito, que ella era la persona responsable del pago, sino que tenía información que creía cierta de que la demandada estaba en inteligencia con el demandante para dejar que se dictara sentencia en rebeldía y que la Pía Unión no pudo ceder válidamente su crédito a Manuel Tous Soto por estar formado por donativos recibidos de personas piadosas para fines de caridad pública y no para uso de particulares. Se han suscitado y discutido cuestiones de derecho canónico que no expondremos siquiera. Serán propias para resolverlas en el litigio y nada debe adelantarse que pueda tender a prejuzgarlas. Bastará decir, a los fines de la intervención, que el interés de la peticionaria en el litigio es evidente. En verdad es de hecho la parte demandada, ya que asumió y no rehusa la responsabilidad de la Franciscan Educational Conference. A primera vista parece desprenderse que los fines de la justicia se beneficiarán con la intervención de la peticionaria en el litigio.

Creemos conveniente citar lo que sigue del caso de *Orcasitas v. Somoza,* 27 D.P.R. 501:

"El interés 'directo' e 'inmediato', que según la jurisprudencia, deberá tener un interventor en el asunto principal, como regla general, 'debe ser de tal naturaleza, que de no haberse incoado la acción original, y de haberla incoado el interventor desde el principio como único demandante hubiera éste podido obtener sentencia en su favor cuando menos en parte del remedio perseguido; o de haberse entablado el pleito desde el principio en su contra como demandada, hubiera podido derrotar, cuando menos en parte, las pretensiones del demandante.'

"Cuando como en el presente caso los hechos alegados, y que deberán tenerse como ciertos para los fines de determinar el interés de un interventor en un pleito, no sólo hubieran constituído una buena defensa de haberse incoado el pleito desde el principio en contra de la interventora solamente, sino que concluyentemente demuestran que dadas las circunstancias alegadas, la interventora es en realidad de verdad la única y verdadera demandada, es de estimarse que quien solicita permiso para presentar y radica su demanda de intervención, tiene el interés 'directo' e 'inmediato' a que se refiere la jurisprudencia."

Debe anularse la resolución de que se queja la peticionaria y ordenarse a la corte que permita la intervención de dicha peticionaria en el litigio de que se trata, concediéndole un término de cinco días para archivar una demanda enmendada, dada la premura con que se vió obligada a presentar la primera y el mayor estudio que el tiempo transcurrido y las cuestiones que se han suscitado le ha permitido hacer del asunto.