MANUEL MARRERO MARRERO, recurrente, *v*. EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 942.—*Sometido:* Enero 18, 1935. *Resuelto:* Enero 30, 1935.

*José E. Díaz,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Manuel Marrero Marrero presentó para su inscripción en el Registro de la Propiedad de San Juan, Sección Segunda, un certificado de compra expedido por el Colector de Rentas Internas de Vega Baja. El registrador inscribió el mismo sujeto a varias menciones de hipoteca que figuraban en el registro. El recurrente sostiene que debió efectuarse la inscripción libre de toda carga, de conformidad con el artículo 347 del Código Político. Este artículo habla del derecho de redención y dispone que si la redención no se ejercitare dentro del año la inscripción debe efectuarse libre de gravamen.

El registrador se fundó en el artículo 315 del Código Político y sostiene que el certificado dejaba de demostrar que los acreedores que tenían sus derechos inscritos fueron notificados de la subasta efectuada para el cobro de las contribuciones, según el mismo provee. Al final del artículo 315 aparece lo siguiente:

"En todos los casos en que se embargaren y vendieren bienes raíces para el pago de contribuciones, el Tesorero de Puerto Rico notificará la inscripción de dicha venta a todas las personas que tuvieren una hipoteca o gravamen sobre dicha propiedad, consignando en la notificación la fecha de la venta, la suma en que se hubiere vendido la propiedad y los demás datos que estimare oportunos."

La cuestión no es nueva ante este tribunal, conforme demuestran las citas hechas por el registrador. En *Fernández et al.* v. *Olivencia, et al.,* 19 D.P.R. 329, resolvimos, en efecto, que estatutos similares al artículo 315 que allí estaba envuelto tenían por miras la protección de los ciudadanos y que era esencial para la validez de una subasta efectuada en cobro de contribuciones, que se cumpliera estrictamente con las disposiciones del estatuto, tanto en lo que se refería al cumplimiento de cualesquiera condiciones anteriores como a

cualesquiera condiciones posteriores a la venta, citando varios casos.

En *Salgado* v. *Registrador de la Propiedad de San Juan,* 26 D.P.R. 172, llamamos la atención al hecho de que la persona que solicitaba la inscripción libre de cargas no podía fundarse en la presunción de que un funcionario había cumplido con sus deberes. Que no podía confiarse en tal presunción para probar un hecho esencial, sino meramente para los detalles y que todos los pasos necesarios para la validez de la venta debían probarse de manera positiva, citando casos.

Este último caso fué seguido en el de *Mengell* v. *Registrador de Mayagüez,* 31 D.P.R. 336.

El artículo 347 tan sólo es aplicable si se han observado las condiciones impuestas por el artículo 315 del mismo código.

*Debe confirmarse la nota recurrida.*