EL PUEBLO DE PUERTO RICO, querellante, *v.* COMPAÑÍA
AZUCARERA DEL TOA, demandada.

Núm. 8.—*Sometido:* Marzo 22, 1941. *Resuelto:* Mayo 22, 1941.

*F. M. Susoni Jr.,* abogado de la interventora, Trigo Orbeta, Inc.;
*Hon. Procurador General George A. Malcolm, y Miguel Guerra
Mondragón, Rafael Rivera Zayas y Luis Venegas Cortés,* aboga-
dos asociados, abogados del querellante; *J. Henri Brown, Salva-
dor Suau y J. Sifre, Jr.,* abogados de la demandada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del
tribunal.

La cuestión a estudiar y a resolver por ahora en este caso
es la de si en un procedimiento de *Quo Warranto* iniciado
por El Pueblo contra una corporación en solicitud de que se
decrete la pérdida de su franquicia por haber violado la ley
de los quinientos acres, procede la intervención de un accio-
nista que la solicita alegando tener interés en que el pleito
se falle a favor del Pueblo.

Trigo Orbeta, Inc., corporación organizada y existente de acuerdo con las leyes de Puerto Rico, presentó en el procedimiento de quo warranto instado por el Pueblo por medio de su Fiscal General contra la Compañía Azucarera del Toa, una solicitud de intervención acompañada de la demanda correspondiente.

Sostiene que es accionista de la "Compañía", que considera ciertas e incontrovertibles las alegaciones de la querella referentes a la violación por parte de la querellada de la ley de los quinientos acres, que tiene interés en el éxito de la acción y que desea intervenir porque sabe que la "Compañía" tratará de dilatar lo más posible el procedimiento no obstante constituir el interés verdadero de los accionistas que la "Compañía" reconozca la violación de la ley y se disuelva y liquide cooperando con el gobierno en la resolución del problema agrario de Puerto Rico, criterio que sostuvo en el seno de la junta general de accionistas de la corporación.

Notificadas las partes, la demandada se opuso a la intervención basándose en que la interventora no alega interés, reclamación o derecho distinto a los que son comunes a todos los accionistas de la corporación pretendiendo únicamente unirse al Pueblo en contra de la corporación, estando su interés representado y protegido en forma adecuada por el Pueblo y la corporación; que ésta ha comparecido a defenderse cumpliendo la resolución aprobada por casi todos sus accionistas en uso de las facultades conferídasles por la ley; que el número de acciones de Trigo Orbeta, Inc. es 468 de un total de 10,000; que de acuerdo con la ley de quo warranto, enmendada en 1935, el procedimiento en contra de corporaciones por las violaciones de la ley del Congreso limitando el dominio y control de las tierras a que se refiere la querella sólo puede iniciarse por El Pueblo de Puerto Rico representado por el Fiscal General, y que los accionistas de una corporación en minoría no tienen facultades para allanarse a una sentencia contra la corporación o para obligar a ésta a que se allane y no se defienda. En cuanto a los

propósitos de dilatar el procedimiento alegó la querellada que no existían estando por el contrario deseosa de que termine cuanto antes para despejar su situación.

Tanto la interventora como la querellada han argumentado sus respectivas posiciones en extensos alegatos, quedando la cuestión sometida finalmente para su decisión en marzo 22 último. Nada ha manifestado El Pueblo de Puerto Rico.

"Una acusación de la naturaleza de quo warranto—sucesora del antiguo auto de quo warranto del derecho común—", se dice en Thompson on Corporations, vol. 7, págs. 825–827, "es el recurso por virtud del cual el estado inquiere sobre y determina la legalidad de las reclamaciones en relación con franquicias y cargos corporativos. Desde época antigua, el recurso se ha utilizado contra corporaciones por razón de uso indebido, abuso o no uso de sus franquicias y contra las personas que ilegalmente usurpan franquicias corporativas; y hoy se considera el remedio de quo warranto—salvo en algunas jurisdicciones donde se provee otro remedio mediante estatuto—como el remedio exclusivo para determinar el derecho de una corporación a existir y para cancelar cartas constitutivas y franquicias corporativas por estos motivos . . .

"El remedio puede invocarse solamente para hacer valer un derecho del soberano o del estado; no procederá para determinar derechos o quejas privadas. Se considera el remedio como uno de naturaleza pública aun cuando la acusación sobre la cual actúa el procurador general haya sido redactada o suministrada por otros."

En Puerto Rico el procedimiento de quo warranto quedó establecido por ley de marzo 1, 1902, Leyes de 1902, pág. 305, Comp. 1911, 1319 a 1327, pág. 288, disponiendo su sección 2 que ". . . cuando alguna corporación haga u omita algo que equivalga a la renuncia o a la pérdida de los derechos y privilegios que como tal corporación le correspondan; o cuando ejercitare derechos no conferidos por la ley, el Fiscal General o cualquier fiscal de la respectiva corte de distrito, ya

obrando por su propia iniciativa, ya a instancia de otra per-
sona, podrá presentar a la corte de distrito que tenga juris-
dicción en el asunto, una petición de que se le admita una
solicitud de que se abra una información de la naturaleza
de un 'quo warranto', a nombre de El Pueblo de Puerto
Rico . . .''

Luego, en 1935, por la Ley núm. 33 de julio 22, 1933 ((2)
pág. 419) se confirió jurisdicción exclusiva a esta Corte
Suprema para conocer de los procedimientos de quo warranto
que inicie el Gobierno de Puerto Rico por violación de las
disposiciones de la sección 752 del Título 48 del Código de
los Estados Unidos, ley de los quinientos acres, y en el
propio año, por la Ley núm. 47, aprobada en agosto 7, 1935
((2) pág. 531), al enmendarse la sección 2 de la ley de 1902
quedó ratificado que la radicación de la querella correspon-
día al Fiscal General o a cualquier fiscal de distrito, obrando
por propia iniciativa o a instancia de otra persona.

No hay pues la duda más leve de que es al Pueblo de
Puerto Rico por sus fiscales al que corresponde la radicación
y dirección, el control, de esta clase de procedimientos, pero
tampoco la hay de que pueden intervenir en ellos los que
tengan el interés que así lo justifique.

''Las reglas usuales sobre intervención'', se dice en Flet-
cher *Cyclopedia Corporations,* vol. 5, sección 2347, ''son
observadas en el procedimiento de quo warranto.  Si el liti-
gio ha sido debidamente instruído y se halla pendiente, la
intervención, de acuerdo con las reglas que rigen la materia
es permitida, y aun una persona particular puede, bajo deter-
minadas circunstancias, ser autorizada para intervenir.''

De suerte que la norma que debemos seguir es la que marca
el artículo 72 del Código de Enjuiciamiento Civil, ed. 1933,
a saber:

''Cualquiera persona antes de la celebración del juicio podrá in-
tervenir en una acción o procedimiento, si tuviere interés en el asunto
en litigio, en el éxito de cualquiera de las partes, o algún derecho
en contra de ambas.  Esta intervención tiene lugar cuando a un

tercero se le permita ser parte en la acción o procedimiento seguido entre otras personas, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

El juicio no se ha celebrado aún, y partiendo de la base de lo dicho en la solicitud y lo alegado en la demanda que la acompaña, precisa resolver que el interés del interventor es manifiesto. Su actitud en pro de la acción ejercitada por el Pueblo ante la corte, arranca de la que adoptó en la junta general de accionistas de la corporación y su creencia de que el mejor camino a seguir para su beneficio y el de todos los accionistas es ajustarse a la ley, está justificada. No es ya el mejor, si que el único que debe seguirse si se está convencido de la violación

En cuanto a que la minoría de los accionistas de la corporación no puede allanarse a la demanda ni obligar a la mayoría a allanarse o a no defenderse en el pleito, tiene toda la razón la querellada, pero ello no implica que conocedora la minoría de lo resuelto por la mayoría no tenga facultad para ir en contra de la resolución cuando se trata de un caso como éste en que la disolución de la corporación se pide a base de la violación de una ley.

Por lo que respecta a que los intereses de interventor están bien defendidos en el pleito en un sentido o en otro, quizá sea así, pero ello no es suficiente por sí solo para negar la intervención cuando el querellante la reclama para defender mejor su propiedad. Más fuerza tiene la impugnación a la intervención fundada en que el ejercicio de la acción corresponde exclusivamente al Pueblo (*Sucn. Orcasitas et al.* v. *A. M. Somoza & Co.*, 27 D.P.R. 501, 507) porque en verdad el interventor no hubiera podido iniciar personalmente el quo

warranto, pero como la jurisprudencia ha resuelto que una vez iniciados estos procedimientos les son aplicables las reglas generales sobre la materia y como el Pueblo no se ha opuesto, la duda que pudiéramos tener debe resolverse en favor de la intervención, sujeta desde luego y en un todo en cuanto al control del procedimiento a la voluntad del soberano que lo ha iniciado no sólo por considerarse autorizado para ello por la ley si que en el ejercicio de la política pública declarada por la misma.

*Debe, en su consecuencia, permitirse la intervención solicitada, radicándose en los autos la demanda y dándose a la misma el curso que determina la ley.*

El Juez Asociado Sr. Todd, Jr., no intervino.